UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | No. 3:14CR141TMR |
| **Plaintiff,** | ) | |
| v. | ) | <u>PROTECTIVE ORDER</u> |
| **JOHN M. SEMBER,** | ) | |
| **Defendant.** | ) | |

Pursuant to Federal Rule of Criminal Procedure 16(d)(1), and a stipulation by and between the respective parties, the Court hereby grants the unopposed motion of the United States for entry of a Protective Order, prescribing the manner in which defendant **JOHN M. SEMBER** and his counsel must handle certain materials – namely, (1) a mirror image of certain sensitive, proprietary, trade secret protected, pre-classified, and possible classified data contained on a personally owned external computer hard drive seized on March 28, 2014 from defendant's 1979 Centralia Ave., Fairborn, Ohio residence by agents of the Federal Bureau of Investigation; and (2) certain other related documents, to include certain e-mail strings dated March 26, 2014 and June 25, 2014 both generated by a Mr. Vincent M. Parisi II, that will be produced to them in discovery (collectively, "the Discovery Materials")[1] – follows:

---

[1] When producing these Discovery Materials to Mr. Sember and his counsel, the United States will clearly mark them as subject to the Protective Order.

1. Defendant's counsel and Mr. Sember will not disclose the information contained in the Discovery Materials directly or indirectly to any person except: attorneys and investigators who are assisting in Mr. Sember's defense; United States citizens who the defense interviews as potential witnesses; and potential experts ("Authorized Individuals"). Upon disclosing information contained in the Discovery Materials to an Authorized Individual, Defendant's counsel and Mr. Sember must provide the Authorized Individual with a copy of the Court's Protective Order and advise the Authorized Individual that he or she will be subject to the same obligations as imposed upon defendant's counsel and Mr. Sember by the Protective Order.

2. Defendant's counsel shall not copy, reproduce or create a mirror image of the Discovery Materials unless copied, reproduced, or mirror imaged for Authorized Individuals to assist in the defense, and in that event, the copies, reproductions, or mirror images should be treated in the same manner as the original Discovery Materials.  Defendant's counsel shall maintain a log of any copies, reproductions, or mirror images made of the Discovery Materials and to whom they were distributed.

3. Although defendant's counsel may permit Mr. Sember to review the Discovery Materials at his law office, Mr. Sember may not remove from said office: the Discovery Materials; or copies, reproductions, or mirror images of the Discovery Materials,

regardless of format, including, but not limited, personal notes reflecting content of the Discovery Materials.

4. Defendant's counsel and Mr. Sember may use the Discovery Materials solely in the defense of this case and for no other purpose.

5. At the conclusion of this case, defendant's counsel shall return all of the Discovery Materials and copies, reproductions, or mirror images thereof to the United States Attorney's Office.

6. Defendant's counsel shall inform Mr. Sember of these prescriptions placed on the Discovery Materials, and direct him not to disclose or use any information contained in the Discovery Materials in violation of the Protective Order. However, nothing contained in the Protective Order will preclude any party from applying to the Court for further relief or for modification of any provision hereof.

4-8-15
DATE

HONORABLE THOMAS M. ROSE
UNITED STATES DISTRICT COURT JUDGE

3