UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOHN M. SEMBER,

        Defendant.

Case No. 3:14-cr-141

Judge Thomas M. Rose

_____

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS DEFECTIVE INDICTMENT (DOC. 87)**
_____

        This case is before the Court on Defendant John Sember's Motion to Dismiss Defective Indictment ("Motion to Dismiss") (Doc. 87). Sember argues that the Superseding Indictment (Doc. 27) is defective because it fails to protect him from double jeopardy. In response, the Government argues that the Motion to Dismiss is untimely and that Sember fails to cite any legal authority supporting his position that the Superseding Indictment is defective. (Doc. 91.)

        "The Fifth Amendment prohibition against double jeopardy protects against three harms: second prosecution for an offense after initial acquittal, second prosecution for an offense after an initial conviction, and multiple punishments for the same offense." *United States v. Davis*, 306 F.3d 398, 417 (6th Cir. 2002) (quoting *United States v. Gibbons*, 994 F.2d 299, 301 (6th Cir. 1993)). The first two harms are not implicated here because Sember has not been subject to an initial acquittal or initial conviction for the offense charged in the Superseding Indictment. The third harm is not implicated because the Superseding Indictment contains only one count under 18 U.S.C. § 641. As a result, Sember is not subject to multiple punishments under the Superseding Indictment for the same offense. The Superseding Indictment therefore does not violate the Fifth

Amendment's prohibition against double jeopardy. Accordingly, the Motion to Dismiss is **DENIED**.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, March 16, 2016.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE