UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.

**JOHN M. SEMBER,**

        **Defendant.**

Case No. 3:14-cr-141

Judge Thomas M. Rose

_____

**ENTRY AND ORDER GRANTING IN PART DEFENDANT'S MOTION IN
LIMINE TO PROHIBIT THE ADMISSION OF CERTAIN EVIDENCE
FOR LACK OF THE CHAIN OF CUSTODY (DOC. 86)**
_____

This case is before the Court on Defendant John Sember's Motion In Limine To Prohibit The Admission Of Certain Evidence For Lack Of The Chain Of Custody ("Motion In Limine") (Doc. 86). Sember argues that the Government should be barred from admitting two computers and one external hard drive into evidence at trial because it cannot prove that they are in substantially the same condition as they were in at the time of Sember's alleged theft of Government property. The Government filed a Response (Doc. 90) to the Motion In Limine, in response to which Sember filed a Reply (Doc. 93). On March 15, 2016, the Court held a hearing on the Motion In Limine. At the hearing, Sember called three witnesses—Ben Wallace, Claude Nicol, and Vincent Parisi—and entered five documents into evidence. (Defendant's Exs. A, B, C, E & F.) The Government cross-examined Sember's witnesses and entered one document into evidence. (Gov't Ex. 1.) The Government did not call any additional witnesses. The Motion In Limine is now ripe for the Court's review.

    **I.**    **BACKGROUND**

Sember was employed by Booz-Allen Hamilton Engineering Services ("BAHES"), a Department of Defense contractor with contracts with the United States Air Force ("Air Force").

In connection with that employment, Sember was issued two computers and an external hard drive. One computer was an HP Elitebook 8470W containing a Micron 128 GB SSD hard drive. (Doc. 90-3.) The term "SSD" refers to a solid-state drive, which is a computer hard drive that stores data electronically on computer chips, rather than a spinning disk. Sember's other computer was a Dell Precision laptop containing a Seagate 750 GB hard drive. (*Id.*) The external hard drive was a Western Digital 750 GB USB hard drive. (*Id.*) The HP Elitebook, Dell Precision laptop, and external hard drive are the three items that Sember seeks to exclude from evidence in the Motion in Limine now before the Court.

After Sember's employment was terminated, he returned these three items of computer equipment to BAHES. The testimony at the March 15, 2016 hearing was unclear, however, as to precisely when and to whom Sember returned the three items. Claude Nicol, an IT Specialist with the Wright Brothers Institute ("WBI"), testified that on March 17, 2014, Sember gave him the HP Elitebook and external hard drive. Nicol took the HP Elitebook and external hard drive to his office and put them beside his desk. Vincent Parisi, one of Sember's supervisors, asked Nicol to review the contents of the HP Elitebook and external hard drive. Nicol did so and determined that they did not contain any files related to the project that Sember was working on, although there were files related to his computer account/profile. Nicol reported this information to Parisi.

At some point thereafter, Nicol issued the HP Elitebook to Ben Wallace, WBI's facility manager, because Wallace had previously requested a laptop. According to Wallace's testimony, he had a desktop computer, but needed a laptop to work from home due to another employee's illness. Before issuing HP Elitebook to Wallace, Nicol loaded onto it Wallace's profile and a mirror image of the files on Wallace's desktop computer.

After Wallace had used the HP Elitebook for a few days, Parisi told Nicol that he (Parisi) needed Sember's computer equipment so that he could have facility security review its contents. Thereafter, Nicol retrieved the HP Elitebook from Wallace, deleted Wallace's profile from that computer, and provided it and the external hard drive (which had remained in Nicol's office) to

2

Parisi. Nicol testified that these were the only two pieces of equipment that he provided to Parisi. Parisi testified, however, that Nicol provided him the HP Elitebook, external hard drive, and the Dell Precision laptop. The discrepancy between Nicol's testimony and Parisi's testimony on this point was never satisfactorily resolved at the hearing. Parisi also testified that he did not know that Nicol had issued the HP Elitebook to Wallace until he read that information in Sember's Motion in Limine.

Parisi testified that he gave the HP Elitebook, Dell Precision laptop, and external hard drive to Kelly Hines, a member of facility security. Parisi received a signed receipt from Hines for the transfer of all three pieces of equipment, dated March 24, 2014. (Gov't Ex. 1.) On March 27, 2014, a woman named Kathleen L. Catalano provided all three pieces of equipment to the FBI. (Defendant's Ex. F.) The FBI then examined the equipment, at the request of Special Agent Andrew J. Eilerman, to determine the date that data was erased from the equipment and to review their contents, if any.

## II.  ANALYSIS

In order to admit physical evidence, "the possibility of misidentification or alteration must be 'eliminated, not absolutely, but as a matter of reasonable probability.'" *United States v. Knowles*, 623 F.3d 381, 386 (6th Cir. 2010) (quoting *United States v. Allen*, 106 F.3d 695, 700 (6th Cir. 1997)). A missing link in the chain of custody "does not prevent the admission of real evidence, so long as there is sufficient proof that the evidence is what it purports to be and has not been altered in any material aspect." *United States v. Robinson*, 104 F.3d 361 (6th Cir. 1996) (quoting *United States v. Howard-Arias*, 679 F.2d 363, 366 (4th Cir.1982)). "Where there is no evidence that tampering with exhibits occurred, courts presume public officers have discharged their duties properly." *Allen*, 106 F.3d at 700. "Absent a clear showing of abuse of discretion, 'challenges to the chain of custody go to the weight of evidence, not its admissibility.'" *Knowles*, 623 F.3d at 386 (quoting *United States v. Levy*, 904 F.2d 1026, 1030 (6th Cir. 1990)).

### A. The HP Elitebook

Sember has shown that the HP Elitebook was materially altered between the time when he returned it and Nicol provided it to Parisi.  During that period, Nicol issued the HP Elitebook to Wallace.  In doing so, Nicol loaded Wallace's profile and a mirror image of the files on Wallace's desktop computer onto the HP Elitebook, which included every file that Wallace had created from approximately 2010, when he received his desktop, until late March 2014.  Wallace also had unrestricted use of the HP Elitebook for days (the precise number is unknown) before Nicol retrieved it for Parisi.  Nicol further testified that the SSD on the HP Elitebook has a self-cleaning mechanism that, whenever the laptop is turned on, erases data that has been flagged as deleted.  As a result, during the time that Wallace used the HP Elitebook, its SSD was erasing data that existed at the time that Sember returned the computer.  Since the HP Elitebook is not in "substantially the same condition as it was when the [alleged] crime was committed," it will not be admitted into evidence at trial.  *Robinson*, 104 F.3d at 361 (citing *United States v. Aviles*, 623 F.2d 1192, 1197 (7th Cir. 1980)).

### B. The Dell Laptop

Sember established a "missing link" in the chain of custody for the Dell laptop—specifically the period between when Sember returned the Dell laptop and Parisi provided it to Hines.  Sember did not present any evidence, however, that the Dell laptop was tampered with or materially altered from when it was last in Sember's possession.  There was no testimony, for example, that anyone accessed the Dell laptop during this period—as there was for the HP Elitebook.  Nor was there any evidence showing that files were added or deleted from the Dell laptop during this period.  *Cf.* Defendant's Ex. A (log showing numerous files associated with Wallace that were added and then deleted from the HP Elitebook).  The missing link in the chain of custody may be fodder to attack the weight that Dell laptop should be given, but it does not preclude the Government from moving to introduce it into evidence at trial.  *See Levy*, 904 F.2d at 1030.

### C. The External Hard Drive

Sember did not establish a missing link in the chain of custody for the external hard drive. Sember established that Nicol reviewed the external hard drive before providing it to Parisi, but there was no evidence indicating that Nicol's review materially altered its contents. As a result, the Government may move to introduce the external hard drive into evidence at trial.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** the Motion in Limine (Doc. 86). The Government is **BARRED** from introducing the HP Elitebook into evidence, but it may move to introduce the Dell laptop and external hard drive into evidence at trial, if it so chooses.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, March 21, 2016.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE