UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN M. SEMBER,

    Defendant.

Case No. 3:14-cr-141

Judge Thomas M. Rose

---

### ENTRY AND SUPPLEMENTAL ORDER ON DEFENDANT'S MOTION IN LIMINE TO PROHIBIT THE ADMISSION OF CERTAIN EVIDENCE FOR LACK OF THE CHAIN OF CUSTODY (DOC. 86)

---

This case is before the Court on Defendant John Sember's Motion In Limine To Prohibit The Admission Of Certain Evidence For Lack Of The Chain Of Custody ("Motion In Limine") (Doc. 86). This case was scheduled for trial on March 28, 2016. On March 21, 2016 (one week before trial), the Court entered an Order (Doc. 102) granting in part the Motion in Limine. Subsequent to the Court's Order, Defendant requested permission to present additional evidence regarding the Dell Precision laptop computer (also referred to as 1B68) ("Dell laptop") that was subject to the Motion in Limine. The Court granted the request and held a further hearing on March 24, 2016, at which Defendant argued that the Dell laptop should be excluded because there was a gap in the chain of custody and the computer had been materially altered. Because the Government's expert was unable to testify at the March 24th hearing, the Court continued the hearing until a later date. On March 28, 2016 (the first scheduled day of trial), the Court completed jury selection in the morning, and held a further hearing on the Motion in Limine in the afternoon.

At the March 28, 2016 hearing, the Government called Douglas Roden, a computer forensic expert, to testify regarding the changes that had occurred to the Dell laptop. Roden is

also the FBI computer forensic examiner that performed an examination of the computer equipment at issue in this case.

Previously, at the March 24, 2016 hearing, the parties stipulated that, after March 17, 2014, a total of 327 files were modified or created and 15 files were deleted on the Dell laptop. Roden reviewed the Registry Reports for the Dell laptop and a spreadsheet showing certain files on the Dell laptop that were created, modified, accessed and/or deleted. (Defendant's Exs. B, C & D.) Roden testified that, based on his review of these exhibits, none of the changes to the Dell laptop were significant enough to cause him concern regarding his forensic examination. Roden also testified that many of the files that were created, modified, or deleted (as shown on the spreadsheet) appeared to be system files, which changes occur automatically whenever a computer is turned on. On cross-examination, Defendant elicited testimony suggesting that Roden could not opine with any certainty—at least without further analysis—regarding what might have happened to the Dell laptop before the FBI received it as part of this case.

The Government did not present any evidence regarding the chain of custody issue raised by Defendant at the previous hearing, but represented that it would present such evidence during its case-in-chief. Defendant reasserted its objection on this ground.

Subject to the Government's showing regarding the chain of custody issue, the Court will permit the Dell laptop to be entered into evidence. While Defendant has shown that there were changes to the Dell laptop, those changes do not rise to the level of material alteration that would require its exclusion from evidence. The number of changes to the Dell laptop were relatively small compared to the total number of files on the computer, and Roden testified that many of the changes appeared to be system updates that would not affect its value as evidence in this case. In contrast, the HP Elitebook, which this Court excluded in its previous Order, was re-issued to another user and had a solid state drive. Its re-issuance to another user alone created significant evidentiary issues, but there was also testimony that its solid state drive was deleting files for a number of days, whenever it was turned on, before it was given to the FBI. There has not been

any evidence showing that the Dell laptop was re-issued or contained a hard drive with the same auto-deleting feature of a solid state drive. Thus, whereas substantial evidence establishes that the HP Elitebook underwent material changes from when Defendant returned it to his employer, the evidence regarding the Dell laptop establishes that it "is in substantially the same condition as it was when the crime was committed." *United States v. Robinson*, 104 F.3d 361 (6th Cir. 1996) (quoting *United States v. Alviles*, 623 F.2d 1192, 1197 (7th Cir. 1980)).

The Court **AFFIRMS** its prior Entry and Order (Doc. 102). The HP Elitebook (also referred to as 1B67) will be excluded from evidence and the Dell laptop (also referred to as 1B68) will be admitted, subject to the Government's showing regarding its chain of custody.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, March 29, 2016.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE