UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:14-cr-141 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| JOHN M. SEMBER, | : | |
| Defendant. | : | |

_____

**ENTRY AND ORDER GRANTING IN PART AND DENYING IN PART
THE MOTION FOR ORDER AUTHORIZING DESTRUCTION
AND/OR DISPOSAL OF EVIDENCE SEIZED (DOC. 144)**
_____

This case is before the Court on the Motion for Order Authorizing Destruction and/or Disposal Evidence Seized ("Motion re: Evidence Seized") (Doc. 144), by which the United States of America ("Government") requests leave to destroy or dispose of a Western Digital external hard drive and four engineering notebooks seized from the residence of Defendant John Sember ("Sember").  On May 6, 2016, Sember responded to the Government's motion.  (Doc. 145.)  Sember has no objection to the destruction of the four engineering notebooks, but objects to the destruction of the Western Digital external hard drive.  (*Id.*)  The Government did not reply to Sember's response, and the time for it to do so has expired.  The Motion re: Evidence Seized is therefore ripe for the Court's review.  For the reasons discussed below, the Motion re: Evidence Seized is **GRANTED IN PART** and **DENIED IN PART**.

I. <u>ANALYSIS</u>

This case went to trial on March 29, 2016 on a single count of theft of government property under 18 U.S.C. § 641.  (Doc. 122.)  On April 6, 2016, the jury returned a verdict of not

1

guilty. (Doc. 137.) The Motion re: Evidence Seized concerns evidence that was seized from Sember's residence pursuant to a search warrant and which the Government no longer requires for any evidentiary purpose. (Doc. 144 at 1.) The Government further contends that, "[d]ue to the contraband nature" of the evidence, its return "to any lawful owner is not deemed practicable or possible." (*Id.*)

As mentioned above, the evidence at issue is a Western Digital external hard drive and four engineering notebooks. (Doc. 144-1.) Sember consents to the destruction of the four engineering notebooks. (Doc. 145 at 1.) Accordingly, the Court grants the Government's Motion re: Evidence Seized as to the notebooks. (*Id.*)

Sember opposes destruction of the external hard drive. (*Id.*) Sember asserts that the external hard drive—specifically the physical piece of equipment—is Sember's property. (*Id.*) Sember acknowledges that ownership of the data on the external hard drive is disputed. (*Id.*) Although Sember contends that the data can be forensically deleted without destroying the physical hard drive, he still objects to its deletion because he is considering bringing civil litigation where title to the data may be established or contested. (*Id.* at 2.) Sember therefore requests that the Court order the Government either (1) to maintain the external hard drive in its current condition, or (2) to transfer the external hard drive in its current condition to the Clerk of Courts for storage. (*Id.*)

As a general matter, a party to civil litigation has a duty to preserve evidence, including electronically stored information, when it is put on notice that the evidence is relevant to existing litigation or may be relevant to future litigation. *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008). Since Sember has indicated that the data on the external hard drive may be relevant to future litigation, the Government is not permitted to destroy it. The Government's Motion re:

2

Evidence Seized is denied as to the external hard drive.  The Court cannot order the return of the external hard drive to Sember, however, because ownership of the data and its alleged "contraband" nature has not been resolved.  In this situation, the best course is to remove the external hard drive from the Government's possession—where any alteration of the data, even if inadvertent, may lead to additional issues and further litigation.  The Court therefore orders the Government to transfer the external hard drive in its current condition to the Clerk of Courts for storage until further order of the Court.

### II.   CONCLUSION

The Court **GRANTS IN PART** and **DENIES IN PART** the Motion re: Evidence Seized (Doc. 144) as follows:

1. The Motion re: Evidence Seized is **GRANTED** as to the "four (4) green cloth covered Engineering Notebooks" identified in the Government's Attachment A (Doc. 144-1);

2. The Motion re: Evidence Seized is **DENIED** as to the "Western Digital External Hard Drive 500 GB serial no. WXB1AA3C7693" identified in the Government's Attachment A (Doc. 144-1) (the "Western Digital External Hard Drive");

3. The Government is **ORDERED** to transfer the Western Digital External Hard Drive to the Clerk of Courts; and

4. The Clerk of Courts is **ORDERED** to store the Western Digital External Hard Drive until further order of the Court.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, May 27, 2016.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE