UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:14-cr-141 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| JOHN M. SEMBER, | : | |
| Defendant. | : | |

___

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION FOR PERMISSION TO USE GRAND JURY TESTIMONY (DOC. 167)**
___

This case is before the Court on Defendant John M. Sember's Motion for Permission to Use Grand Jury Testimony, which is now fully briefed and ripe for review. (Docs. 167–68.) As Sember has not shown a particularized need or compelling reason justifying disclosure of any grand jury testimony at this time, the Court **DENIES** the Motion. If, at a later stage of the litigation, new or additional facts emerge that warrant reconsideration of this issue, Sember may renew the Motion at that time.[1]

### I. BACKGROUND

On September 25, 2014, Defendant John M. Sember was indicted for theft of government property. (Doc. 27.) The charges against Sember stemmed from his employment as an engineer with Booz Allen Hamilton Engineering Services ("Booz Allen"), a federal government contractor. (Doc. 27.) On March 29, 2016, the Court convened a jury trial and, on April 6, 2016, the jury returned a verdict of not guilty. (Docs. 122, 137.) Sember then filed a civil suit, Case No. 3:16-cv-445, against Booz Allen for damages related to Sember's prior employment and related criminal indictment.

On January 4, 2017, Sember filed a Motion Seeking Permission to Use Grand Jury Testimony from the criminal case in his civil case against Booz Allen. (Doc. 167.) Specifically, Sember seeks permission to use limited portions of grand jury testimony from FBI Special Agent A.J. Eilerman. (*Id.* at

---

[1] The Court acknowledges the valuable contribution of judicial extern Jonathan M. Zalewski in drafting this opinion.

1

1.)  Special Agent Eilerman testified before the grand jury that returned the indictment against Sember and also at Sember's trial.² (*See id.*)

Sember argues that he needs Special Agent Eilerman's grand jury testimony to establish that Booz Allen provided false information to federal investigators. (*Id.* at 2)  According to Sember, Booz Allen's false statements show that it had a motive to frame Sember for the destruction of government property in order to conceal its failure to properly train Sember regarding the treatment of data and materials on government projects. (*Id.* at 3–4.)  Sember argues he has established a compelling reason to use Special Agent Eilerman's grand jury testimony. (*Id.* at 6.)

In opposition, the United States argues that Sember does not need Special Agent Eilerman's grand jury testimony because he can use Special Agent Eilerman's testimony from Sember's criminal trial. . (Doc. 168, at 2.)  The Government also argues that the motion is premature because Sember will have another opportunity to question Special Agent Eilerman during the discovery stage of Sember's civil case. (*Id.*)  According to the Government, Sember's motion would be warranted only if Sember's civil case goes to trial, Special Agent Eilerman is called as a witness, and the circumstances warrant disclosure of his grand jury testimony for impeachment purposes. (*Id.*)  In that instance, the Government suggests, Sember could then seek permission to use it. (*Id.*)  The United States therefore argues that Sember has failed to demonstrate a particularized need or compelling reason for disclosing Special Agent Eilerman's grand jury testimony at this time. (*Id.*)

## II. ANALYSIS

The Supreme Court has consistently "recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 218–19 (1979).  Thus, Federal Rule of Criminal Procedure 6(e)(2) generally prohibits the disclosure of matters "occurring before the grand jury." Fed. R. Crim. P. 6(e)(2).  The "indispensable secrecy of grand jury proceedings," however, may be broken, but only where there is a compelling

---

² Sember's counsel retained a copy of Special Agent Eilerman's grand jury testimony, which the Government had produced to him pursuant to the Jencks Act, 18 U.S.C. § 3500.

necessity to do so. *See Douglas Oil*, 441 U.S. at 222.

Federal Rule of Criminal Procedure Rule 6(e)(3) provides certain exceptions to the general rule when grand jury matters may be disclosed. Rule 6(e)(3)(E)(i) states: "The court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter: (i) preliminarily to or in connection with a judicial proceeding . . . ." Fed. R. Crim. P. 6(e)(3)(E)(i). Under this Rule, a private party in civil litigation may seek disclosure of grand jury material, but there is a strong presumption against disclosure. *See United States v. Procter & Gamble Co.*, 356 U.S. 677 (1958). Therefore, grand jury testimony may be disclosed to a private party in civil litigation "only upon a showing of particularized need." *United States v. Sells Engin., Inc.*, 463 U.S. 418, 443 (1983).

In order to show a particularized need, the party seeking disclosure under Rule 6(e)(3)(E)(i) "must show that the [grand jury] material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil Co.*, 441 U.S. at 222. This standard, as articulated by the Supreme Court, means "disclosure is appropriate only in those cases where the need for it outweighs the public interest in secrecy, and that the burden of demonstrating this balance rests upon the private party seeking disclosure." *Id.* at 223.

The standard controlling disclosure of grand jury material has its foundation in *United States v. Procter & Gamble Co.*, which examined whether grand jury testimony could be disclosed under Federal Rule of Civil Procedure 34. 356 U.S. at 678. In *Procter & Gamble Co.*, the United States brought a civil antitrust action against multiple defendants. *Id.* Before bringing the civil action, the Government had conducted a criminal investigation of the same defendants for antitrust violations, but the grand jury did not return an indictment. *Id.* The Government used the grand jury material from the criminal investigation, however, to prepare its civil case. *Id.* Consequently, the defendants in the civil case sought production of the grand jury minutes. . *Id.*

Over the Government's objection, the District Court ordered production of the grand jury

minutes. *Id.* at 678–79. The District Court reasoned that "the Government was using the transcript in preparation for trial, [which] would be useful to appellees in their preparation, [and] only in this way could [defendants] get the information." *Id.* at 679. On direct appeal, however, the Supreme Court reversed, finding that the defendants failed to show "good cause" for production of the minutes. *Id* at 682. The Supreme Court explained:

> No such showing was made here. The relevancy and usefulness of the testimony sought were, of course, sufficiently established [by the defendants]. If the grand jury transcript were made available, discovery through depositions, which might involve delay and substantial costs, would be avoided. Yet these showings fall short of proof that without the transcript [the defendants] would be greatly prejudiced or that without reference to [the grand jury minutes] an injustice would be done. Modern instruments of discovery serve a useful purpose . . . . They together with pretrial procedures make a trial less a game of blind man's b[l]uff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent. . . . Only strong public policies weigh against disclosure. . . . They are present here because of the policy of secrecy of grand jury proceedings. We do not reach in this case problems concerning the use of the grand jury transcript at the trial to impeach a witness, to refresh his recollection, to test his credibility and the like. Those are cases of particularized need where the secrecy of the proceedings is lifted discretely and limitedly. We only hold that no compelling necessity has been shown for the wholesale discovery and production of a grand jury transcript . . . . We hold that a much more particularized, more discrete showing of need is necessary . . . .

*Id.* at 682–83. Although *Procter & Gamble Co.* examined whether grand jury minutes could be disclosed under Federal Rule of Civil Procedure 34, the same standard controls this case. *See Douglas Oil Co.*, 441 U.S. at 222 (applying the *Procter & Gamble* standard to the disclosure of grand jury testimony under Fed. R. Crim. Proc. 6(e)).

Sember is in a far better position in this case than were the defendants in *Procter & Gamble Co.* In that case, the defendants were at a significant disadvantage because they did not have access to the information in the grand jury minutes that the Government was using against them. The Supreme Court recognized the relevance and utility of the grand jury minutes to the defendants' civil defense, but nonetheless concluded that they had not established a particularized need for their production. 356 U.S. at 682–83.

4

Sember alleges that Booz Allen pursued Sember's prosecution to conceal its own failure to train employees regarding the proper handling of government property. (Doc. 167, at 3.) If the Government discovered Booz Allen's deficient training practices, argues Sember, then it might lose its status as a federal government contractor. (*Id.*) Sember seeks to use Special Agent Eilerman's grand jury testimony in this case because—according to Sember—it substantiates these allegations. (*Id.* at 2–4.) Unlike the defendants in *Procter & Gamble Co.*, however, Sember already has access to a wealth of information about the Government's criminal case against him. Sember's criminal case went to trial, where he had an opportunity to cross examine Special Agent Eilerman. (Doc. 167.) Sember also will have another opportunity to question Special Agent Eilerman during discovery in the civil case. Sember's need for grand jury testimony in this case is therefore less compelling than the defendants' need in *Procter & Gamble Co.* Accordingly, the Court cannot permit disclosure here when the Supreme Court denied the defendants' request in *Procter & Gamble Co.*

As in *Procter & Gamble Co.*, we also do not reach "problems concerning the use of [a] grand jury transcript at the trial to impeach a witness, to refresh his recollection, to test his credibility and the like." *Procter & Gamble Co.*, 356 U.S. at 683. The Court does not foreclose the possibility that facts may develop during discovery that warrant its consideration of a renewed motion for permission to use Special Agent Eilerman's grand jury testimony in Sember's civil case.

### III. CONCLUSION

The Motion is **DENIED** without prejudice.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, March 31, 2017.

s/ Thomas M. Rose
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE